UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
SC FAITH, LLC, SC JOLLEY ACRES,
LLC, SC LAKE CITY, LLC, PALMETTO
FAITH OPERATING, LLC, PALMETTO
JOLLEY ACRES OPERATING, LLC, and
PALMETTO LAKE CITY OPERATING,
LLC,

               Petitioners,            18 Civ. 10029 (NRB)

        - against -            **MEMORANDUM AND ORDER**

617 WEST MARION, LLC, 1180 WOLFE
TRAIL, LLC, 1940 BOYD, LLC, FAITH
HEALTHCARE CENTER, LLC, LAKE
CITY HEALTHCARE CENTER, LLC, and
JOLLEY ACRES HEALTHCARE CENTER,
LLC,

               Respondents.
---------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

     Petitioners SC Faith, LLC, SC Jolley Acres, LLC, SC Lake City, LLC, Palmetto Faith Operating, LLC, Palmetto Jolley Acres Operating, LLC, and Palmetto Lake City Operating, LLC initiated this action on October 31, 2018, by filing a petition to confirm an arbitral award of $101,643 (the "Award"), plus interest accrued from the date of the Award and attorneys fees and costs arising from this proceeding. Respondents 617 West Marion, LLC, 1180 Wolfe Trail, LLC, 1940 Boyd, LLC, Faith Healthcare Center, LLC, Lake City Healthcare Center, LLC, and Jolley Acres Healthcare

Center, LLC have not responded to the petition, and their time to do so has expired.

When, as here, a respondent declines to respond to a petition "to confirm . . . an [arbitral] award," which is "accompanied by a record [that includes the governing] agreement to arbitrate and the arbitra[l] award decision itself, . . . the petition and accompanying record [are to be] treated as akin to a[n] [unopposed] motion for summary judgment." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). In deciding such a motion, a court must conduct an independent review of "the moving party's submission[s] to determine if [the movant] has [in fact] met its burden of demonstrating that" it is entitled to judgment as a matter of law. Id. at 110 (quoting Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)); accord Jackson v. Fed. Exp., 766 F.3d 189, 195-98 (2d Cir. 2014).

The Court has undertaken the necessary independent review and determined that all material facts are undisputed, that those facts are grounded in admissible evidence, and that those facts entitle petitioners to the relief requested as a matter of law. This includes pre-judgment interest at the rate of nine percent per annum, from July 11, 2018 (the date of the award) to the date on which judgment is entered, see 1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc., No. 13 Civ. 2608 (JGK),

2014 WL 840965, at *8 (S.D.N.Y. Mar. 4, 2014); N.Y. C.P.L.R. §§ 5001-04, and post-judgment interest at a variable rate set by federal statute, see 28 U.S.C. § 1961; FSC Advisors, Inc. v. Fair Fin. Co., 605 F.3d 144 (2d Cir. 2010). The relief granted also includes reasonable attorneys' fees and costs incurred in this action as provided for in Section 16(e) and (g) of the Asset Purchase Agreement. See Pet. ¶¶ 20, 22, Oct. 31, 2018, ECF No. 1. Petitioners are hereby directed to submit within ten days contemporaneous records supporting their application for fees and costs, organized in a manner that facilitates evaluation by the Court.

For the foregoing reasons, the Court grants the petitioners' petition to confirm the arbitral award. The Clerk is respectfully directed to terminate the motion pending at docket entry 16.

**SO ORDERED**

Dated: New York, New York
March 28, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE